# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

**LUTHER D. THOMAS**
**CLERK OF COURT**

(404)215-1358

06-193 (RBW)

July 10, 2006

FILED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Clerk's Office:

Rule 40 proceedings were held in this district on JULY 5, 2006 regarding TERRY DAVIS, N.D.Ga. Case No. 1:06-MJ-822. Enclosed are our documents of said proceedings.

If you have any questions, please call the Magistrate Courtroom Deputy's Office at (404) 215-1358.

Sincerely,

PAT WALKER
Deputy Clerk

Enclosure

MAGISTRATE'S CRIMINAL MINUTES      FILED IN OPEN COURT
REMOVALS (RULE 40)     DATE: 7-5-06 @ 2:40
    TAPE: 06-03 @ 6146
    TIME: ___ Hrs. 20 Mins.

MAGISTRATE **Joel Feldman** PRESIDING **S. Walker** DEPUTY CLERK

CASE NUMBER **1:06-mj-822** DEFENDANT'S NAME **Terry Davis**
AUSA **Burby** DEFENDANT'S ATTY **Kendall Silas**
USPO **Logan** Type Counsel (circle) Retained CJA (FDP)

✓ Initial appearance hearing held.
✓ Defendant informed of rights.
✓ ORDER appointing Federal Defender Program attorney for defendant.
___ ORDER appointing _____ attorney for defendant.
✓ ORDER defendant shall pay attorney's fees as follows: **$ 90.00 - Total - within 30 days from today.**
✓ Defendant WAIVES removal hearing (as to IDENTITY only). WAIVER FILED.
___ Defendant WAIVES preliminary hearing (___ In this district only). WAIVER FILED.
___ Removal hearing set/reset/cont to _____ @ _____.
___ Removal hearing HELD.
___ Order finding Probable Cause. Defendant held to District Court for removal to other district.
___ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
___ Order defendant removed to other district. Commitment issued _____
___ Miscellaneous: _____

### BOND/PRETRIAL DETENTION HEARING

___ Government Motion for DETENTION filed.
✓ Bond/Pretrial DETENTION hearing held.
___ Pretrial detention hearing set for _____. (___ In charging district)
___ (___ VERBAL) Motion to reduce bond GRANTED.
___ (___ VERBAL) Motion to reduce bond DENIED.
___ Pretrial DETENTION ORDERED. (Written order to follow _____).
✓ BOND SET at $ **25,000**
    ✓ NON-SURETY
    ___ SURETY/CASH: ___ Property Acceptable: ___ Corporate Surety Only
    ___ Combination: _____
___ SPECIAL CONDITIONS: _____

✓ BOND FILED. Defendant RELEASED.
___ BOND NOT EXECUTED. DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY.

AO 466 (1/86) Waiver of Rule 40 Hearings

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 0 5 2006

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,

vs.

TERRY DAVIS

WAIVER OF RULE 40 HEARINGS

(EXCLUDING PROBATION CASES)

CASE NO. 1:06-MJ-822

I, TERRY DAVIS, understand that in the DISTRICT OF COLUMBIA, charges are pending alleging violation of FRAUD, and that I have been arrested in this District and taken before a United States Magistrate Judge, who informed me of the charge(s) and of my right to:

(1) retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2) request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3) an identity hearing to determine if I am the person named in the charge, and
(4) a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐ identity hearing
☐ preliminary examination
☑ identity hearing and have been informed I have no right to a preliminary examination
☐ identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 5TH day of July, 2006.

_____
DEFENDANT

_____
DEFENSE COUNSEL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUL 0 5 2006

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TERRY DAVIS,

    Defendant.

CASE NO. 1:06-MJ-822

## ORDER APPOINTING COUNSEL

KENDAL SILAS

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 5TH day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

AO 98 (Rev. 8/85) Appearance Bond

# United States District Court

_Northern_ DISTRICT OF _GA_

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 0 5 2006

LUTHER D. THOMAS, CLE[RK]
By: _pmw_ Deputy Cle[rk]

UNITED STATES OF AMERICA

V.

_Terry Davis_
Defendant

**APPEARANCE BOND**

CASE NUMBER: _1:06-mj-822_

(Non-surety: I,) the undersigned defendant acknowledge that I and my . . .
Surety:    We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ _25,000_ , and there has been deposited in the Registry of the Court the sum of $ _____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant _Terry Davis_ (name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States district court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States district court having cognizance of the above entitled matter at the time of such breach and if the bond if forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States district court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _7-5-06_ at _Atlanta, GA_ .
                              Date

Defendant. _Terry Davis_         Address. _____

Surety. _____             Address. _____

Surety. _____             Address. _____

Signed and acknowledged before me on _____
                                          Date

_____
Judicial Officer/Clerk

Approved: _[signature]_
          Judicial Officer

# JUSTIFICATION OF SURETIES

I, the undersigned surety, say that I reside at _____

_____ ; and that my net worth is the sum of

_____ dollars ($ _____ ).

I further state that

_____
Surety

Sworn to before me and subscribed in my presence on _____
Date

at _____
Place

_____   _____
Name and Title              Signature of Judicial Officer/Clerk

---

I, the undersigned surety, state that I reside at _____

_____ ; and that my net worth is the sum of

_____ dollars ($ _____ ).

I further state that

_____
Surety

Sworn to before me and subscribed in my presence on _____
Date

at _____
Place

_____   _____
Name and Title              Signature of Judicial Officer/Clerk

Justification Approved: _____
Judicial Officer

# United States District Court

_Northern_ DISTRICT OF _GA_

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 0 5 2006

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

V.

_Terry Davis_
Defendant

ORDER SETTING CONDITIONS
OF RELEASE

Case Number: _1:06 mj-822_

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) _District of Columbia_, on _July 12, 2006 - 1:45 pm_ before U.S. Mag. Judge Deborah Robinson.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✓ ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _Twenty five thousand_ dollars ($_25,000.00_) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

WHITE COPY - COURT   YELLOW - DEFENDANT   BLUE - U.S. ATTORNEY   PINK - U.S. MARSHAL   GREEN - PRETRIAL SERVICES

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy     Date

(✓) (7) The defendant shall:
(✓) (a) report to the **Pretrial Office** telephone number **(404) 215-1950**, not later than **Immediately**
(✓) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: **$25,000.00**
( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____
( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
(✓) (e) maintain or actively seek employment. — **Prohibited from any financial transaction except personal**
( ) (f) maintain or commence an education program.
(✓) (g) surrender any passport to: **Pretrial**
( ) (h) obtain no passport.
( ) (i) abide by the following restrictions on personal association, place of abode, or travel: _____
( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
( ) (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____
( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  ( )(i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  ( )(ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  ( )(iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
(✓) (v) **Notify pretrial of any overnight travel**
( ) (w) _____
( ) (x) _____

WHITE COPY — COURT    YELLOW — DEFENDANT    GREEN — PRETRIAL SERVICES    BLUE — U.S. ATTORNEY    PINK — U.S. MARSHAL

## Advice of Penalties and Sanctions

### TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

### Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State              Telephone

### Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: July 5, 2006

_____
Signature of Judicial Officer

Joel M. Feldman, U.S. Mag. Judge
Name and Title of Judicial Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 11, 2006

| UNITED STATES OF AMERICA | : | CRIMINAL No.: |
|---|---|---|
| | : | |
| | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1344 |
| | : | (Bank Fraud); |
| | : | 22 D.C. Code §§ 3211(b)(2), 3212(a) |
| v. | : | (Theft in the First Degree) (Count 11); |
| | : | 22 D.C. Code §§ 3221(a), 3222(a)(1) |
| | : | (Fraud in the First Degree) (Count 12); |
| | : | 18 U.S.C. § 982 |
| | : | (Criminal Forfeiture) |
| | : | |
| TERRY DAVIS, | : | |
| | : | |
| Defendant. | : | |

## INDICTMENT

The Grand Jury charges that:

Introduction

At all times relevant to the indictment:

1. Phi Beta Sigma Fraternity, Inc., (hereafter "PBS" or "the fraternity") was a fraternal organization founded in 1914, with college and alumni chapters established nationwide, as a general educational and community service organization.

2. The affairs of PBS were governed by a national board of seventeen individuals, eight of whom were elected officers, including a National Treasurer and a National President. Elected officers are chosen every two years at national meetings of the PBS, called "conclaves."

Additionally, PBS employed a professional staff at its headquarters in Washington, D.C., for the purpose of the day-to-day administration of the affairs of the fraternity. This professional staff was headed by the National Executive Director.

3. PBS received its operating capital generally through the assessment of member's dues and other assessments. Such funds were then deposited into a general fund account, located at the Industrial Bank in Washington, D.C., and at an account at First Union Bank in Virginia. The task of collecting the receipts and depositing them into the general fund account was performed by professional staff members of the fraternity at its headquarters in Washington, D.C.

4. Legitimate expenses of the fraternity were paid after a voucher was prepared by the professional staff, detailing the item to be paid. As a general financial control, the vouchers were then required to be approved in writing by three individuals: the Executive Director, the National Treasurer, and the National President. After the vouchers were approved, the National Treasurer would prepare a check, using the Industrial Bank general fund account, to pay the expense. As a fraud prevention measure, each check required two signatures, that of the National Treasurer and that of the National President. After preparing and signing the check, the National Treasurer was required to forward the check to the National President for his signature. The National President would then route the check to the national headquarters in Washington, D.C. for mailing.

5. Defendant TERRY DAVIS was elected as National Treasurer by the general membership at the 1999 national conclave and was reelected to a second, two-year term in 2001.

6. The deposits of Industrial Bank and First Union Bank were at all times insured by the Federal Deposit Insurance Corporation.

2

## The Scheme

7. Between from at least January 2001 to about June 2003, in the District of Columbia and elsewhere, the defendant, TERRY DAVIS, knowingly engaged in a scheme and artifice to defraud a financial institution, and to obtain money belonging to and under the custody and control of financial institutions, by means of false and fraudulent pretenses, representations, and promises.

## Means and methods

8. Beginning on or about January 2001 and continuing to approximately June 2003, defendant TERRY DAVIS, without the authorization or knowledge of the responsible members or staff of PBS, would steal money from the PBS general fund account at the Industrial Bank in Washington D.C., and at another account held by PBS at First Union, by writing checks to cash, which he would then negotiate by means of his personal account at the Bank of America. In order to circumvent the requirement of a second signature of the National President, defendant TERRY DAVIS would present checks containing the forged signature of the National President, or simply negotiate the check without the required second signature. Moreover, defendant TERRY DAVIS would have the monthly account statements of the PBS accounts, which would reflect the defendant's checks to cash, sent to his home address in Virginia in order to prevent detection.

9. As part of the scheme to defraud, defendant TERRY DAVIS wrote approximately $340,000 in checks to cash to which he was not entitled, which he deposited into his personal account or converted to cash or other instruments. This money was then used for his personal benefit.

10. As part of the scheme to defraud, defendant TERRY DAVIS would often falsely represent, on the memo line of the checks, as well as to responsible officials at PBS, that checks to

3

cash were written to fund legitimate PBS activities and funds transfers, whereas, as the defendant well knew, the checks were used for his own personal benefit.

### COUNTS ONE THROUGH TEN
(Bank Fraud)

11. Between from at least January 2001 to approximately June 2003, in the District of Columbia and elsewhere, in order to carry out the aforementioned scheme and artifice to defraud, defendant TERRY DAVIS committed the following acts, among others:

| Count | On or about Date | Transaction |
|---|---|---|
| 1 | January 29, 2001 | check 2003, Industrial Bank, payable to cash |
| 2 | November 5, 2001 | check 2091, Industrial Bank, payable to cash |
| 3 | January 25, 2002 | check 2173, Industrial Bank, payable to cash |
| 4 | January 29, 2002 | check 2171, Industrial Bank, payable to cash |
| 5 | February 5, 2002 | check 2190, Industrial Bank, payable to cash |
| 6 | April 17, 2002 | check 2247, Industrial Bank, payable to cash |
| 7 | December 30, 2002 | check 3177, Industrial Bank, payable to cash |
| 8 | January 2, 2003 | check 3179, Industrial Bank, payable to cash |
| 9 | April 30, 2003 | check 3239, Industrial Bank, payable to cash |
| 10 | May 12, 2003 | check 3313, Industrial Bank, payable to cash |

(Bank Fraud, in violation of Title 18, United States Code, Section 1344)

### COUNT ELEVEN - THEFT IN THE FIRST DEGREE

1. Paragraphs one through ten of this Indictment are realleged and incorporated by reference as if set out in full.

2. From between on or about January 2001, until in or about June 2003, in a continuing course of conduct, in the District of Columbia, defendant TERRY DAVIS wrongfully obtained over

4

$250 in monies from Phi Beta Sigma Fraternity with the intent to appropriate the property to his own use.

(Theft in the First Degree, in violation of Title 22, District of
Columbia Code, Sections 3211(b)(2) and 3212(a) and Section 1805)

## COUNT TWELVE - FRAUD IN THE FIRST DEGREE

1. Paragraphs one through ten of this Indictment are realleged and incorporated by reference as if set out in full.

2. From between on or about January 2001, until in or about June 2003, in a continuing course of conduct, in the District of Columbia, defendant TERRY DAVIS, engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of Phi Beta Sigma Fraternity for himself by means of false or fraudulent pretenses, representations, and promises, and thereby obtained property of a value of $250 or more belonging to Phi Beta Sigma Fraternity.

(Fraud in the First Degree, in violation of Title 22, District of
Columbia Code, Sections 3221(a) and 3222(a)(1) and Section 1805)

## FORFEITURE ALLEGATION

1. Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, defendant TERRY DAVIS shall forfeit to the United States pursuant to 18 U.S.C. § 982 any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

2. A sum of money equal to $340,000 in United States currency, representing the amount of proceeds obtained as a result of the offense of bank fraud, in violation of Title 18, United States Code, Section 1344.

5

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

*Kenneth L. Wainstein/SJD*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

6

CJA 7 (Rev. 2/84)

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 11 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

LOCATION CODE __GANAT__

Docket No. __1:06-mj-822__

USA vs. TERRY DAVIS

ORDER TERMINATING APPOINTMENT OF COUNSEL and/or AUTHORIZATION FOR DISTRIBUTION OF AVAILABLE PRIVATE FUNDS

☐ Check one or both ☐

WHEREAS, __KENDAL SILAS__ was appointed as counsel for the above defendant/petitioner, on the __5th__ day of __July, 2006__, ~~19~~ and

WHEREAS, the court finds that funds are available from or on behalf of the above named defendant/petitioner for payment of compensation and expenses of court-appointed counsel and/or for other services necessary for adequate representation, and that the above defendant/petitioner is therefore financially able to obtain counsel or to make partial payment for representation, and/or for other services necessary for adequate representation;

IT IS THEREFORE:

Check one or both

☐ ORDERED that the appointment of said counsel is hereby terminated.

☒ AUTHORIZED/DIRECTED that such funds in the amount of $ __90.00 total__ be paid by said defendant/petitioner or by __within 30 days from today (7-5-06)__ as follows:

*(enter specific terms of repayment, i.e., date due if lump-sum payment; schedule and amounts of each payment if installment payment.)*

MAIL AND MAKE PAYABLE TO:   CLERK, USDC
75 Spring St, Rm 2211
ATLANTA, GA  30303
ATTN:  financial section

ONLY   CASHIER'S CHECK AND/OR POSTAL MONEY ORDERS ARE ACCEPTABLE.

Dated this __11th__ day of __JULY, 2006__, ~~19~~.   (npt 7/5/06)

_____
United States Judge/Magistrate
JOEL M. FELDMAN, U.S. MAGISTRATE JUDGE

ORIGINAL-RETAINED IN THE COURT'S FILES