UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim No. 06-193 (RBW) |
| : | |
| TERRY DAVIS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR LEAVE TO
ISSUE TRIAL SUBPOENAS WITH EARLY RETURN DATE**

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully requests this Court approve the issuance of the below-described subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. In support of this request, the government submits:

I. RECORDS NEEDED FOR TRIAL

The Government seeks to issue two subpoenas under Rule17(c) as follows:

1.  To Bank of America, copies of all checks under $500 from the account of Terry and and Rhonda Davis, number 0041 1906 1004, from January 1, 2001 to December 31, 2003.

2.  To Capital One, collections department, for all records relating to account number 4121742120081701, in the name of Terry Davis.

II. RULE 17(C) AUTHORIZES THE ISSUANCE OF TRIAL SUBPOENAS
TO OBTAIN THESE RECORDS IN ADVANCE OF TRIAL

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena may issue to direct a person to produce books, papers, documents or other objects at trial. The rule also allows

the court discretion to "direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence . . ." Fed. R. Crim. Proc. 17(c).  In making a request under Rule 17(c), the moving party is entitled to request information via subpoena as long as it is an evidentiary request. Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (request for information under Rule 17(c) must be a "good-faith effort to obtain evidence"); see also United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992), cert. denied, 113 S.Ct. 597 (1992).  As set forth in United States v. Nixon, 418 U.S. 683, 699-700 (1974), to obtain pre-trial inspection of books, papers and documents under Rule 17(c), the government must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

In short, the government "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

The standard articulated in Bowman Dairy, supra, and Nixon, supra, that evidence requested pre-trial under Rule 17(c) must be evidentiary, relevant, admissible, and requested with specificity, has been followed by this Circuit.  See United States v. Haldeman, 559 F.2d 31, 75 (D.C. Cir. 1976), cert. denied, 431 U.S. 933 (1977); United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992). See, also, Fryer v. United States, 207 F.2d 134, 136 (D.C. Cir. 1953), cert. denied, 346 U.S. 885 (1953); Monroe v. United States, 234 F.2d 49, 55 (D.C. Cir. 1956), cert. denied, 352 U.S. 873 (1956).  The Nixon/Bowman standards are easily met in this case:  the items are relevant, admissible

and the request, by its terms, the subpoenas are highly specific and by no means constitutes the forbidden "fishing expedition."  Specifically, this is a case about the national treasurer of a fraternity embezzling hundreds of thousands of dollars from a national fraternity by writing checks to cash and then depositing them into his personal account.  The Bank of America account in question is the account owned by the defendant in which the embezzled checks were deposited.  The government had previously obtained by Grand Jury Subpoena all checks over $500, but had refrained from ordering checks under $500 in order to save the reproduction fees involved.  Now that it is clear that the case is going to trial, these checks will be relevant to show the jury the dispersal of those embezzled funds.  Likewise, the subpoena to Capital One will show that the defendant had been in dire financial straights, and had a motive to embezzle the funds involved.

      Pursuant to Rule 17(c), the United States will permit the defense to inspect the subpoenaed items when obtained.

      WHEREFORE, we request the Court sign the accompanying <u>Order</u> approving the issuance of the proposed subpoenas.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____
John Roth
ASSISTANT UNITED STATES ATTORNEY
555 Fourth Street, N.W., Room 5247
Washington, D.C.  20530
Ph. (202) 514-6961