UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 06-193 (RBW) |
| v. | ) | |
| TERRY DAVIS | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL ELECTION BETWEEN MULTIPLICITOUS COUNTS
AND FOR BILL OF PARTICULARS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant Terry Davis, through counsel and pursuant to Fed. R. Crim. P. 12(b)(2), moves the Court for an Order compelling the prosecution to elect between the multiplicitous counts in the indictment before trial. Mr. Davis is charged a twelve-count indictment with various offenses relating to the theft of money from Phi Beta Sigma Fraternity, Inc.

1. Mr. Davis is charged in Counts One through Ten with committing bank fraud by writing and cashing checks to which he was not entitled. The allegations underlying the offenses are contained in paragraphs one through ten of the indictment. Each of the checks is for an amount of greater than $250 and each check is identified in Counts One through Ten of the indictment.

2. Mr. Davis is charged in Count Eleven with Theft in the First Degree for an amount greater than $250 in violation of the D.C. Code. No specific check and no specific loss amount is indicated.[1] This alleged conduct is the same conduct as alleged in paragraphs one

---

[1] Presumably, the government will elect and proceed with the federal Counts which are the basis for jurisdiction in this Court. Should the government be permitted to proceed with either

through ten of the indictment and involves the same elements of proof as Counts One through Ten of the indictment.

    3.    Mr. Davis is charged in Count Twelve with Fraud in the First Degree for an amount greater than $250 in violation of the D.C. Code. No specific check and no specific loss amount is indicated. This alleged conduct is the same conduct as alleged in paragraphs one through ten of the indictment and involves precisely the same elements of proof as Counts One through Ten of the indictment.

## MEMORANDUM OF LAW

**I.    ELECTION BETWEEN MULTIPLICITOUS COUNTS**

Under the Federal Rules of Criminal Procedure, it is improper to try a defendant on multiple counts charging the same offense. Rule 7(c)(1) permits the government to "allege[] in a single count that the . . . defendant committed [an offense] by one or more specified means." As the Advisory Committee Note explains, this provision "is intended <u>to eliminate the use of multiple counts</u> for the purpose of alleging the commission of the offense by different means or in different ways." 4 F.R.D. 405, 412 (1945) (emphasis supplied); <u>see</u>, <u>e.g.</u>, <u>United States v. Allied Chemical Corp.</u>, 420 F.Supp. 122, 123-24 (E.D. Va. 1976).

An indictment charging the same offense in more than one count is "multiplicitous" and thereby defective. <u>United States v. Harris</u>, 959 F.2d 246, 250 (D.C. Cir.) (<u>per</u> <u>curiam</u>), <u>cert. denied</u>, 113 S. Ct. 362 (1992); <u>see</u> <u>United States v. Swain</u>, 757 F.2d 1530, 1536 (5th Cir.), <u>cert. denied</u>, 474 U.S. 825 (1985). If a defendant raises a timely multiplicity objection pursuant to

---

D.C. Code offense, Mr. Davis requests a limited Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and has incorporated the basis therefor into this motion below.

Fed. R. Crim. P. 12(b)(2), the proper remedy is to require the government to elect between the multiplicitous counts. See, e.g., United States v. Bradsby, 628 F.2d 901, 905 (5th Cir. 1980); United States v. Martorana, 629 F.Supp. 509, 511 (D. Me. 1986); United States v. Lopez, 585 F.Supp. 1391, 1392-93 (D.P.R. 1984).[2]

To avoid unfair prejudice to the defendant, the government must elect between multiplicitous counts before trial. This is so because multiplicitous charges "improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." United States v. Reed, 639 F.2d 896, 904 (2d Cir. 1981); see United States v. Lopez, 585 F. Supp. at 1392.[3] Multiplicitous counts also afford the government an unfair advantage by increasing the likelihood that the jury will convict on at least one count, if only as the result of a compromise verdict.

The test for determining whether two counts of an indictment are multiplicitous is "whether each [count] requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see United States v. Harris, 959 F.2d at 251 n.3 (quoting Blockburger).

In this case, the government has charged Mr. Davis in Counts One through Ten with the

---

[2] In United States v. Harris, the D.C. Circuit ruled that a multiplicity objection is waived if not raised pretrial. See 959 F.2d at 250-51. The Court also noted that "the absence of objection constitutes a waiver of the double jeopardy defense." Id. at 251 n.2.

[3] In United States v. Drew, 331 F.2d 85 (D.C. Cir. 1964), the D.C. Circuit considered whether two offenses--a robbery on July 27 and an attempted robbery on August 13--were properly joined in a single indictment. Id. at 92. The indictment charged two separate offenses and so was not multiplicitous. Nevertheless, the joinder of offenses in Drew gave rise to some of the same dangers as the multiplicitous charges against Mr. Davis. Both the improper joinder in Drew and the multiplicitous charges against Mr. Davis arouse in the jury "a latent feeling of hostility engendered by the charging of several crimes as distinct from only one." Id.

offense of bank fraud in violation of the U.S. Code.  Title 18, Section 1344 of the U.S. Code proscribes Bank Fraud as follows:

> Whoever knowingly executes, or attempts to execute, scheme or artifice—
> (1) to defraud a financial institution; or
> (2) to obtain any moneys, funds, credits assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

The government alleges that Mr. Davis cashed ten separate checks to which he was not entitled and used the money for his personal benefit.

In Count Twelve, the government charges Mr. Davis with fraud in the first degree under the D.C. Code.  The D.C. Code defines Fraud in the First Degree as follows:

> A person commits the offense of fraud in the first degree if that person engages in a scheme or systematic course of conduct with intent to defraud or to obtain property of another by means of false or fraudulent pretense, representation, or promise and thereby obtains property of another or causes another to lose property.

Although the government does not identify in Count Twelve the specific property Mr. Davis procured, the fraud alleged in Count One through Ten of the indictment requires no proof of any fact in addition to the facts required for the government to secure a conviction in Twelve.  Thus, Count Twelve and Counts One through Ten are multiplicitous with each other.

Similarly, Count Eleven of the indictment alleging theft under the D.C. Code does not require proof of any facts in addition to the facts required for the government to secure a conviction in Counts One through Ten for bank fraud or Count Twelve.[4]  Thus, Count Eleven of

---

[4]  The D.C. Code defines Theft in the First Degree as follows:
A person commits the offense of theft in the first degree if that person obtains or uses the property of another with intent to appropriate the

the indictment is also multiplicitous.

The offense conduct at issue in Counts Eleven and Twelve is identical to offense conduct alleged in the conduct supporting the charges in Counts One through Ten. To prove its case in each of the counts, the government will be required to establish <u>identical</u> facts: that Mr. Davis devised a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, and promises by cashing or depositing checks to which he was not entitled.

By charging Mr. Davis in several counts with the same offense conduct, the government creates an artificial impression that the defendant engaged in extensive conduct over and over again offending multiple laws and jurisdictions, in so doing, conjure hostility in the minds of the jurors. The Advisory Committee Notes to Federal Rule of Criminal Procedure 12 clearly express an intent to "eliminate the use of multiple counts for the purpose of alleging the commission of the [same] offense by different means or in different ways." 4 F.R.D. 405, 412 (1945). If the various means by which a crime is committed does not warrant multiple counts, multiple counts to show subtle distinctions between closely related motives are surely outweighed by the attendant inflammatory prejudice which results.

**WHEREFORE,** for these reasons and any other such reasons as shall appear to the Court, Mr. Davis respectfully requests that the Court require the government to elect between Counts One through Ten alleging federal offenses and Counts Eleven and Twelve alleging analogous local offenses.

---

property to his or her own use or to the use of a third person.
D.C. Code § 3211(b)(2)

II.   **BILL OF PARTICULARS**

A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)(quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). The indictment must also be sufficiently specific to satisfy the Fifth Amendment guarantee against double jeopardy. "[I]t must be clear enough, when coupled with the record of the proceedings, to preclude double jeopardy, i.e., the nature of the acquittal or conviction must be sufficiently clear to bar further prosecution for the same crime." Hsu v. United States, 392 A.2d 972, 976-7 (D.C. 1978). United States v. Addonizio, 451 F.2d 49, 63-4 (3rd Cir. 1971), cert. denied, 405 U. S. 936 (1972). United States v. Pollack, 534 F.2d 964 (1976).

Here, the defendant is alleged to have made false pretenses, representations, or promises to acquire property to which he was not entitled. While the government has alleged generally that Mr. Davis acquired money by cashing and depositing checks for his personal benefit, Counts Eleven and Twelve of the indictment do not specifically identify the checks or property that are the subjects of these counts. Mr. Davis requests the government to identify the precise property that is the subject of the Theft in Count Eleven and the Fraud in Count Twelve, and the date(s) on which that property was allegedly misappropriated by Mr. Davis.

This information is particularly necessary in this case because the government alleges fraud over a period of time of greater than two years. During this time period, Mr. Davis wrote hundreds of checks, almost all of which were for more than $250. Without knowing which

checks form the basis for the charges in Counts Eleven and Twelve, Mr. Davis is unable to identify with sufficient particularity the charges against him, is unable to meaningfully prepare for trial so as to challenge those charges, or to interpose a plea of double jeopardy should he be prosecuted for the same offense in the future.

In accord with the increasing rejection of the sporting theory of justice, and consistent with the broadening of defense access to critical information about a prosecution, the requirement that a defendant must make a showing of cause as a prerequisite to the granting of a bill of particulars was eliminated from Rule 7(f) of the Federal Rules of Criminal Procedure years ago.  This change was designed to encourage a more liberal attitude by the Courts toward bills of particulars. See 1966 Committee Note to Rule 7(f).  Thus, the trend is toward granting bills of particulars and expanding the scope of information properly sought through this device. See e.g. 1 C. Wright Federal Practice and Procedure: Criminal Section 129, 280-2 (1969 ed.).

**WHEREFORE,** for these reasons and any other such reasons as shall appear to the Court, Mr. Davis requests a bill of particulars as specified.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/S/_____
        Tony Axam, Jr.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W. Ste.550
        Washington, D.C.  20004
        (202)  208-7500