UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Crim No.  06-193 (RBW) |
| | : | |
| TERRY DAVIS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
COMPEL ELECTION BETWEEN MULTIPLICITOUS
COUNTS AND FOR BILL OF PARTICULARS

The United States, through undersigned counsel, files its opposition to defendant Terry Davis' motion to compel election between multiplicitous counts and for a bill of particulars (Document 9).  The defendant is not entitled to the relief requested because the indictment appropriately charges separate crimes in each count and clearly states the offenses in a manner sufficient to allow him to answer the charges.

Facts

Defendant Terry Davis was the elected Treasurer of Phi Beta Sigma, a national fraternity. In that role, he had responsibility for the management of all funds entrusted to the fraternity.  The fraternity had two anti-fraud provisions in place to prevent embezzlement and unauthorized expenditures: first, all expenses were to be approved by the Treasurer, the National President, and the National Executive Director of the fraternity.  Second, all fraternity checks required two signatures: one from the Treasurer and one from the President.  From 2001 to 2003, Davis wrote unauthorized checks out of the fraternity's operating account to cash, which he then deposited into his personal bank account and spent as if it were his own money.  He did so by forging the

required second signature of the fraternity President or simply negotiating checks with only one signature. In order to disguise the embezzlement, Davis would often, but not always, write in the memo line of the check that the money was for a payroll transfer.

Mr. Davis is charged with ten counts of bank fraud, in violation of 18 U.S.C. §1344, one count of theft in the first degree under the District of Columbia Code, in violation of 22 DC Code §3211(b)(2), and one count of fraud in the first degree, in violation of 22 DC Code §3221(a).

Argument

I.   THE INDICTMENT IS NOT MULTIPLICITOUS BECAUSE EACH COUNT CHARGES A SEPARATE CRIME.

The defendant correctly states that the government may not charge the same crime in multiple counts. However, as was done here, the government may charge multiple crimes in multiple counts, and may use the same conduct as the basis for charging those crimes.

The test for whether an indictment is multiplicitous, as noted in this circuit in United States v. Harris, 959 F.2d 246 (D.C. Cir. 1992), is whether it passes muster under the Double Jeopardy Clause analysis contained in Blockburger v. United States, 284 U.S. 299 (1932). The operative question is whether each provision requires a proof of fact that the other does not. In this case, Counts One through Ten, the bank fraud charges under Title 18,[1] is a separate crime from Count Eleven, first degree theft under the D.C. Code, which is in turn a separate crime from Count Twelve, first degree fraud under the D.C. Code. Each of these crimes requires proof of facts the others do not and, as a result, charge different crimes.

---

[1] Although not raised by the defendant, multiple counts of bank fraud, each charging a separate check, is not multiplicitous even though it consists of a single scheme because each check represents the commission of a separate crime. See, e.g., United States v. Mancuso, 42 F.3d 836 (4th Cir. 1994); United States v. Lemons, 941 F.2d 309 (5th Cir 1991).

The government will ask in Counts One through Ten for a jury instruction that bank fraud consists of the following three elements:

1. That the defendant knowingly executed a scheme to obtain the money, funds or other property owned or under control of a financial institution by means of material false or fraudulent pretenses, representations or promises as detailed in the indictment;
2. That the defendant did so with the intent to defraud; and
3. That the financial institution involved was then insured by the Federal Deposit Insurance Corporation.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.11 (5th Ed. 2004) (modified).

To the contrary, with regard to Count Eleven, the D.C. Code first degree theft offense, the government will ask for the instruction from the Red Book, as follows:

1. That the defendant wrongfully obtained or used the property of another;
2. That at the time the defendant obtained the property, he specifically intended either to deprive the owner of a right to the property or a benefit of the property or to take or make use of the property for him/herself or for another person, without authority or right; and
3. That when the defendant obtained the property, it had a value of $250 or more.

Lastly, the government will ask for the following instruction for count twelve, the DC Code first degree fraud count, again from the Red Book:

1. That the defendant engaged in a scheme or systematic course of conduct;
2. That s/he did so with the intent to defraud someone or obtain property of another by means of a false or fraudulent pretense, representation or promise;
3. That, as a result of that scheme or systematic course of conduct, the defendant obtained property of another or caused another to lose property; and
4. That the property lost or obtained had a value of $250 or more.

Applying the Blockburger analysis to each of these crimes shows that each is a separate crime, and against which the defendant may be called to answer in a single indictment. Each charge has elements not found in the other charges. For example:

- the bank fraud counts require that the government show that the funds be under the control of a financial institution, and that institution be insured by the FDIC; neither of the DC code offenses require that element;

- the DC fraud offense and the bank fraud counts require that the government show that the defendant was engaged in a scheme or course of conduct, an element that the DC Code theft count does not require;

- each of the DC code offenses requires a loss of over $250; the federal bank fraud counts have no monetary predicate;

- the DC code theft offense has no requirement that the money or property be taken by false or fraudulent means; both the federal bank fraud and the DC Code fraud require such a showing.

Thus, an analysis of the elements of each count shows that each crime is separate from the other and is appropriately charged seperately.

The defendant further seems to argue that the indictment is multiplicitous because the government will rely on the same facts in Counts One through Ten as for Counts Eleven and Twelve. The defendant, he argues, is being charged in different counts for the same conduct. That is true, but it is not the test for whether an indictment is multiplicitous. Rather, the defendant must focus the analysis on the proof of facts – the elements – of each offense, not on the conduct as a whole. In fact, the Blockburger analysis *presumes* that the conduct for both counts is the same: "The applicable rule is that *where the same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304 (emphasis added). The fact that the same course of conduct may violate multiple laws is well settled, and the government may appropriately charge the violation of each statute.

The D.C. Circuit faced this issue in United States v. Sumler, 136 F.3d 188 (D.C. Cir. 1998). In Sumler, the government charged the defendant with both murder under the federal Continuing Criminal Enterprise statute and murder under the D.C. Code. As in this case, the elements of each crime were different, in that each required proof of an element the other did not. Also as here, the same course of conduct would provide the evidence for both offenses. Id. at 190. The Sumler court nevertheless held that under the appropriate Supreme Court precedents of Blockburger and United States v. Dixon, 509 U.S. 688 (1993), the counts were properly joined in a single indictment. Id. The same analysis should apply here.

II.     THE DEFENDANT IS NOT ENTITLED TO A BILL OF PARTICULARS BECAUSE THE INDICTMENT FAIRLY INFORMS HIM OF THE CHARGES.

Rule 7(f) of the Rules of Criminal Procedure states:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as just requires.

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Where defendant has enough information to understand the charges in the indictment against him and conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars. United States v. Cisneros, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998).

As a general rule, an inquiry into the government's legal or evidentiary theory as to the means by which a defendant committed a specific criminal act is not a proper purpose for a bill

of particulars. Therefore, courts have uniformly agreed that a bill of particulars is not an investigative vehicle for the defense "to obtain detailed disclosure of the government's evidence prior to trial." United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); see also United States v. Torres, 901 F.2d 205, 234 (2d. Cir.) ("[a]quisition of evidentiary detail is not a function of the bill of particulars), cert. denied, 498 U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a "wholesale discovery of the government's evidence), cert. denied, 423 U.S. 858 (1978).

A bill of particulars should not be granted unless "the requested particularization is necessary to defendant's preparation for trial and the avoidance of unfair surprise at trial." United States v. Madeoy, 652 F. Supp. 371, 374 (D.D.C. 1987). The defendant's constitutional right underlying a bill of particulars is to know the offense with which he is charged, not to know how the details will be proven. United States v. Kendall, 665 F.2d 126, 135 (7th Cir.), cert. denied, 455 U.S. 1021 (1982).

Counts Eleven and Twelve each incorporate by reference the first ten paragraphs of the indictment. In doing so, it explains the nature of the government's case against the defendant, including the means by which he embezzled the funds, the fact that the money was embezzled from a specific account, was done so exclusively by means of checks written to cash, the location where the embezzled money was deposited, the total amount of money embezzled, and the time period during which he committed the offense.

Additionally, the defendant was provided full discovery in this case, and has ample information to understand the charges against him and develop a defense. As a result, a Bill of Particulars in not necessary. As the D.C. Circuit noted in United States v. Butler, 822 F.2d 1191

(D.C. Cir. 1987), "if the indictment is sufficiently specific, *or if the requested information is available in some other form*, then a bill of particulars is not required." Id at 1193 (emphasis added). In Butler, the court noted that the defendant received the requested information in a response to a motion filed by the government. Here, the defendant has received full discovery: every check and bank statement that the government had in its possession was turned over. Moreover, the government provided the defendant in discovery dated July 27, 2006 with a spreadsheet listing the dates, amounts, and check numbers of every check to cash the government was relying on to prove the loss in the case. (See Attachment A.) The defendant was provided an amended spreadsheet on August 10, 2006. The defendant can rely on these disclosures to understand the charges against him and fashion a defense.

## Conclusion

The Defendant's motion to compel election between multiplicitous counts and for a bill of particulars should be denied.

>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>
>By: _____
>John Roth
>ASSISTANT UNITED STATES ATTORNEY
>555 Fourth Street, N.W., Room 5247
>Washington, D.C. 20530
>Ph. (202) 514-6961