UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY DAVIS. | No. 06-cr-193 (RBW) |

**MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF OFFER TO COMPROMISE OR SETTLE
UNDER RECENTLY AMENDED RULE 408**

Defendant Terry Davis, through his undersigned attorneys, respectfully moves this Court for an *in limine* order prohibiting the United States from introducing any evidence relating to alleged statements or conduct involving offers by Mr. Davis to settle his purported debts to the Phi Beta Sigma fraternity. As a recent amendment makes clear, Rule 408 of the Federal Rules of Evidence flatly prohibits the use of such evidence to support the Government's allegations of Mr. Davis' fraud.

**I.    The Evidence At Issue**

The Government alleges that Terry Davis embezzled money from the Phi Beta Sigma fraternity while he was that fraternity's volunteer Treasurer. Counts 1 through 10 of the Superseding Indictment charge Mr. Davis with bank fraud under 18 U.S.C. § 1344. Count 11 charges him with first degree theft under 22 D.C. Code §§ 3211(b)(2), 3212(a), and 1805. Count 12 charges him with first degree fraud under 22 D.C. Code §§ 3221(a), 3222(a)(1), and 1805. In all, the Government alleges that Mr. Davis wrongfully took $241,000. As part of its case, the Government seeks forfeiture of that amount under 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b).

Recent disclosures by the Government reveal that it may be planning to present evidence that Mr. Davis, when confronted by Jimmy Hammock (Mr. Davis' successor as Treasurer), offered to settle the purported liability. According to FBI notes of a January 8, 2004 interview:

> Sometime between the National Conclave and August 2003, HAMMOCK had a telephone conversation with DAVIS, during which he confronted DAVIS about the checks made payable to cash and DAVIS' explanation the money was deposited to the payroll account. DAVIS said the money had been deposited into the payroll account, but HAMMOCK replied "TERRY, I'm telling you, I've gone through the records and it didn't." DAVIS then unexpectedly said "what will it take to make this go away?" HAMMOCK responded that DAVIS needed to repay "whatever you took." DAVIS asked "what if I split the $29,000?" HAMMOCK told DAVIS the amount of missing money was in excess of $100,000.00, to which DAVIS responded "Oh, I can't pay that much."

FBI, Form 302, Jan. 8, 2004, at 2 (notes of interview with Jimmy Hammock).

**II.     The Evidence Is An Offer To Compromise, Explicitly Barred Under Rule 408.**

Even if Mr. Hammock's recollection were correct, that recollection consists entirely of an alleged offer to compromise a disputed obligation. Rule 408 of the Federal Rules of Evidence (as amended effective December 1, 2006) provides that:

> **(a) Prohibited uses.**--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>   (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
>   (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> **(b) Permitted uses.**--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of

undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

The entire conversation is covered by that rule. Mr. Davis was "offering or promising to furnish . . . valuable consideration." His offer was made in an attempt to "compromise" or settle the liability that the fraternity claimed that he owed it. Mr. Davis disputed the liability both as to its existence (as the conversation itself shows, Mr. Davis denied the alleged embezzlement) and as to its amount ($29,000 versus over $100,000). As a result, the evidence is prohibited under Rule 408.

**A. The Evidence Is Not Admissible Merely Because This Is A Criminal Case**

Until recently, some courts held that such evidence, though not admissible in civil cases, was admissible in criminal trials. The December 1, 2006 amendment to the Rule, however, makes clear that evidence of previous attempts to compromise *is* barred in criminal cases, unless a very specific exception applies. *See* Rule 408(a)(2) (prohibiting conduct or statements made in compromise negotiations ". . . except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority").

That exception does not apply here, because the statements and offers Mr. Davis allegedly made to Mr. Hammock did not relate to "a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority." Rule 408(a)(2). Mr. Davis' alleged conversation with Mr. Hammock was not part of Mr. Davis' dealings with a governmental regulatory agency in the course of that agency's investigation. *See* Saltzburg, Martin & Capra, 2 Federal Rules of Evidence Manual § 408.02[1], at 408-6 (9th ed. 2006) (amendment would permit the use of compromise statements in subsequent criminal case, "but

only when [the statement was originally] made in an action brought by a government regulatory agency"). Indeed, no governmental investigation had even arisen by the time of Mr. Davis' purported statement.[1]

### B. The Evidence Is Not Admissible On A Consciousness-Of-Guilt Theory

The Rule's allowance that compromise evidence may be used for "other purposes" in no way opens the door for the Government to use this evidence to show Mr. Davis' "consciousness of guilt." The Rule itself lists three examples of permissible use, none of which relate to a consciousness-of-guilt theory and none of which apply to this case. *See* Rule 404(b) ("Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."). Although those three examples are intended to be illustrative rather than exhaustive, it is instructive that the advisory committee's much longer list of permissible uses also contains no examples of consciousness-of-guilt use. *See* Rule 408, advisory committee note. The same is true of the lists of permissible uses found in caselaw[2] and commentary.[3]

---

[1] The evidence likewise is not admissible simply because the alleged offer to compromise was made during discussions with the fraternity rather than with the Government. "Rule 408 applies even if the settlement is between a party to the litigation and a nonparty. A party's settlement with another is not admissible to prove the validity or amount of the claim currently before the Court." Saltzburg, *et al.* § 408.02[3](4), at 408-13. *See also* McLaughlin, Weinstein & Berger, 2 Weinstein's Federal Evidence § 408.03[2], at 408-11 (2d ed. & 2007 Supp.) ("offers to compromise should be inadmissible regardless of whose testimony would reve[a]l the offer") (hereinafter, "Weinstein").

[2] *See e.g., Carney v. American Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998) (Settlement letters can be used "to establish an independent violation . . . unrelated to the underlying claim which was the subject of the correspondence . . . ."); *United States v. Hays*, 872 F.2d 582, 588-89 (5th Cir. 1989) (Rule 408 "permits evidence of settlement agreements for purposes other than proving liability, such as demonstrating the prejudice of a witness, negativing a contention of undue delay, or establishing the obstruction of a criminal investigation.").

4

There is good reason for that omission: The consciousness-of-guilt theory amounts to nothing more than the type of use explicitly prohibited by Rule 408(a). Because a person cannot have a guilty conscience unless he believes himself to have *done* the wrongful act at issue, the Government's consciousness-of-guilt theory requires as a necessary first step precisely the use foreclosed by the Rule. A settlement offer shows consciousness of guilt only if the offer is taken as a concession of the existence of the liability — here, a liability alleged (first by the fraternity and now by the Government) to have arisen from Mr. Davis' theft, fraud, and embezzlement. The evidence is therefore barred because "the predicate for the evidence would be that the defendant, by compromising with [Jimmy Hammock or the fraternity], has admitted the validity and amount of the civil claim, and that this admission has sufficient probative value to be considered as evidence of guilt [in the subsequent criminal trial]." Rule 408, advisory committee note to 2006 amendment.[4]

### C. The Evidence Is Not Admissible For Impeachment

Likewise, the amended Rule explicitly prohibits the use of this evidence "to impeach [Mr. Davis] through a prior inconsistent statement or contradiction." Rule 408(a). *See* 2 Weinstein § 408.05[4], at 408-22 ("As amended in 2006, Rule 408 expressly prohibits the use of statements made in settlement negotiations to impeach a witness by prior inconsistent statement or through contradiction.").

---

[3] *See generally* 2 Weinstein §§ 408.08[2]-[6], at 408-32 to 408-38 (discussing permissible uses, not including consciousness of guilt).

[4] Viewed another way, the only relevance of the purported guilty conscience as part of the prosecutor's case is if it shows that Mr. Davis did in fact embezzle. For this reason, too, the consciousness-of-guilt theory fails. *See* 2 Saltzburg, et al. § 408.02[3], at 408-11 ("If the 'other purpose' is really an issue that bears ultimately on an element of liability, then the rule of exclusion will apply.").

### III. Any Slight Probative Value Is Far Outweighed By The Evidence's Unfair And Prejudicial Effect

Even if the Government intends some other use for this evidence that the defense has not anticipated, any marginally probative value from such a use would be far outweighed by the risk of unfair prejudice. As a result, the evidence should be excluded under Rule 403.

As countless authorities recognize, the true probative value of an attempt to compromise is miniscule. "An offer to compromise may well represent a desire to buy peace rather than an admission of liability." Saltzburg, *et al.* § 408.02[1], at 408-3. *See also* Rule 408, advisory committee's note to 2006 amendment ("[U]nlike a direct statement of fault, an offer or acceptance of a compromise is not very probative of the defendant's guilt.").

In contrast, the prejudicial effect is immense — precisely because jurors are extremely likely to use the evidence for the improper purpose barred by Rule 408. *Cf. United States v. Hays*, 872 F.2d 582, 589 (5th Cir. 1989) (holding that erroneous admission of Rule 408 evidence was not harmless error because "the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound. It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money back."); *State v. Gano*, 988 P.2d 1153, 1159 (Haw. 1999) (finding erroneous admission of such evidence under Hawaiian version of Rule 408 not to be harmless, because "the potential impact of evidence regarding a civil settlement agreement is even more profound in criminal proceedings than it is in civil proceedings"). Given the risk of unfair prejudice, Rule 403 requires exclusion no matter what use the Government proposes for the evidence.

**CONCLUSION**

For the reasons given above, Defendant respectfully requests an order forbidding the United States from introducing evidence or argument regarding any offer by Mr. Davis to settle his alleged liability to the fraternity, or any associated statements or conduct. A proposed order is attached.

                                                                  Respectfully submitted,

                                                                  A.J. KRAMER
                                                                  FEDERAL PUBLIC DEFENDER

                                                                  By: /s/ Tony Axam, Jr.

| | |
|---|---|
| Christopher R. Cooper | Tony Axam, Jr. |
| Joshua A. Klein | Assistant Federal Public Defender |
| BAKER BOTTS L.L.P. | 625 Indiana Ave., N.W., Suite 550 |
| 1299 Pennsylvania Ave., N.W. | Washington, D.C. 20004 |
| Washington, D.C. 20004 | (202) 208-7500 |
| (202) 639-7700 | |

April 20, 2007