UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY DAVIS. | No. 06-cr-193 (RBW) |

**TRIAL MEMORANDUM REGARDING OPINION TESTIMONY ON
IDENTIFICATION OF HANDWRITING OR SIGNATURE**

Defendant Terry Davis, through his undersigned attorneys, respectfully submits this trial memorandum on the proper form of non-expert opinion testimony regarding the handwriting on documents submitted into evidence.

During the direct examination of Donald Jemmison on Tuesday April 24, Mr. Jemmison repeatedly testified that the handwriting on a particular document, or an accompanying signature, "is" or "is not" the handwriting or signature of Mr. Davis, Arthur Thomas, or Peter Adams. This testimony was based not on Mr. Jemmison's recollection of having seen the documents written, but rather on his recollection about how those people's signatures and handwriting have historically looked, and on his non-expert opinion about whether the writing at issue matched the writings that he recalled. Counsel for the defendant objected that such testimony either should be couched explicitly as an opinion (*e.g.*, "*in my opinion*, that is Mr. Davis' signature"), or should be limited to stating the resemblance between signatures (*e.g.*, "that *appears to be* [or resembles, or looks like] Mr. Davis' signature"). The Court denied the objection but invited the parties to submit supporting authorities.

1

Non-expert opinion testimony on handwriting or signature is governed by Rule 701 of the Federal Rules of Evidence.[1]  In *United States v. Tipton*, 964 F.2d 650, 654 (7th Cir. 1992), the Seventh Circuit upheld a co-worker's lay-opinion evidence that the handwriting on several allegedly forged documents "*appeared to be*" that of the defendant.  *Id.* (emphasis added).  In upholding that testimony, the Seventh Circuit made clear that such testimony is more accurate than, and preferable to, any unequivocal statement by the lay-witness:  "*Without actually observing [the defendant] sign the documents, certainly it was more accurate and proper for [the witness] to state that the signatures 'appeared' to be Tipton's than to say that he was 'absolutely certain' of the fact.*"  *Id.* at 655 (emphasis added).

That makes perfect sense.  Even a handwriting *expert* would be unable to opine unequivocally about the provenance of a particular sample.  At most, a handwriting expert would state a high degree of confidence or probability in his or her opinion.  It stands to reason that a *non*-expert can do no better.

In view of the arguments above, counsel for Mr. Davis renew their objection to the form of the witness' answers.

---

[1] Where the handwriting identification is done for purposes of authentication, Rule 901(b)(2) also applies.

                                                  Respectfully submitted,

                                                  A.J. KRAMER
                                                  FEDERAL PUBLIC DEFENDER

| Christopher R. Cooper | By: /s/ Tony Axam, Jr. |
|---|---|
| Joshua A. Klein | Tony Axam, Jr. |
| BAKER BOTTS L.L.P. | Assistant Federal Public Defender |
| 1299 Pennsylvania Ave., N.W. | 625 Indiana Ave., N.W., Suite 550 |
| Washington, D.C. 20004 | Washington, D.C. 20004 |
| (202) 639-7700 | (202) 208-7500 |

April 25, 2007

CERTIFICATE OF SERVICE

       I hereby certify that on this 25th day of April 2007, I served, by hand delivery in the courtroom, a copy of the foregoing Trial Memorandum Regarding Opinion Testimony on Identification of Handwriting or Signature on the following counsel of record:

Michael K. Atkinson
Assistant U.S. Attorney
555 Fourth St. N.W., Room 5915
Washington, D.C. 20530

An electronic copy will also be served by the ECF system on all counsel subscribing thereto.

                                              /s/ Joshua A. Klein
                                              Joshua A. Klein