**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim No. 06-193 (RBW)** |
| **TERRY DAVIS,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW REGARDING CHARACTER TESTIMONY ON BEHALF OF THE DEFENDANT**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, hereby provides the Court with the following memorandum of law regarding potential character testimony proffered on behalf of the defendant, Terry Davis.

Rule 404(a)[1] of the Federal Rules of Evidence provides that a defendant may offer "[e]vidence of a pertinent trait of character * * *." Rule 405(a),[2] which sets forth the methods of proving character, allows questions about specific instances of conduct only on cross

---

[1] Rule 404(a) provides, in relevant part:

"**(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) **Character of Accused.** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same * * *."

[2] Rule 405(a) provides:

"**(a) Reputation or opinion.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross examination, inquiry is allowable into relevant specific instances of conduct."

examination. Thus, other than through cross examination, or in circumstances not present here,[3] the defense may not present character evidence through direct examinations that elicit testimony recounting specific instances of conduct:

> The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental or moral traits; nor can he testify that his own acquaintance, observation, and knowledge of defendant leads to his own independent opinion that defendant possesses a good general or specific character, inconsistent with commission of acts charged.

*Michaelson v. United States*, 335 U.S. 469, 477 (1948). Where questions are intended to elicit specific instances of conduct, they are objectionable and impermissible. *United States v. Solomon*, 686 F.2d 863, 874 (llth Cir. 1982).

Experience has shown, however, that character witnesses often stray into testimony recounting specific instances of conduct. This is true both for character witnesses called by defendants and those called by the government in rebuttal; and it is not necessarily because such witnesses are intentionally violating the Rules or court orders. Witnesses understandably wish to explain why they hold, or the community holds, someone in high esteem; and one common and

---

[3] Rule 405(b) provides that "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that conduct." That subsection does not apply here. It applies, as its language makes clear, only in cases where character is an essential element, such as in an entrapment defense. *See, e.g., United States v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998); *see also Shakur v. United States*, 32 F. Supp.2d 651, (S.D.N.Y. 1999) ("'Evidence of specific acts is permissible to prove character when the character of a person is an essential element of a charge, claim or defense. The permissive use of evidence of specific acts is regularly misinterpreted by trial lawyers. It is allowed only when character itself is an issue under substantive law * * *. When character is used circumstantially to prove a consequential fact, proof by specific instances is not permitted for practical reasons.'") (quoting Weinstein et al., 2 Weinstein's Federal Evidence § 405.04[4], at 405-41-42 (2d. ed 1997)).

persuasive method of justifying such views outside the confines of the Rules of Evidence is to describe specific instances where the person being praised lived up to the honored trait.

The drafters of Rule 405 specifically recognized this problem in precluding specific-instance character testimony on direct examination, noting that

> "of the three methods of proving character * * *, evidence of specific instances of conduct is the most convincing. At the same time, it possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time."

Fed. R. Evid. 405, Advisory Comm. Notes to 1972 Proposed Rules.

The Court has the power to ensure that character witnesses do not go beyond allowable evidence into testimony about specific instances of conduct. See McGlaughlin *et al.*, Weinstein's Federal Evidence § 404.11[2][a], at 404-22-24 (2d ed. 2006), ("[T]he trial court retains its traditional discretion to limit the scope of the [character evidence] proof, as by *limiting* the number of witnesses, or the *manner in in which the proof is adduced*; or by controlling the order of proof.") (emphasis added) (footnotes omitted). That power is located in its inherent power and, more specifically, in Rule 611(a), which provides that "[t]he Court shall exercise reasonable control over the mode * * * of interrogating witnesses and presenting evidence * * *."[4] See Fed. R. Evid. 611(a).

In the event character witnesses called by a defendant (or rebuttal character witnesses called by the government) are unable to conform their testimony to the Rules, the Court may properly order that direct examination of character witnesses be conducted solely through

---

[4] The Court also has power under Rule 402 to exclude evidence about specific instances of conduct as legally irrelevant on direct examination. It also has power under Rule 403 to exclude such evidence as posing a danger of "unfair prejudice, confusion of the issues, or misleading the jury," or on "considerations of "undue delay [or] waste of time * * *." See Fed. R. Evid. 403.

leading questions. Such leading questions may further minimize the likelihood that a character witness would testify improperly about specific instances of conduct. The Rules specifically contemplate that trial courts may use their power to achieve this result. Thus, Rule 611(c) specifically contemplates that "[l]eading questions * * * may be necessary to develop the witness' testimony."

**CONCLUSION**

The government hereby respectfully submits the above memorandum on the issue of character witnesses.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: ___________/s/_________________
Michael K. Atkinson, D.C. Bar No. 430517
Assistant United States Attorney
555 4th Street, NW
Room 5915
Washington, D.C. 20530
(202) 616-3702

DATED: April 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2007, I served via facsimile a copy of the above-referenced Memorandum of Law regarding character testimony on behalf of the defendant Terry Davis and proposed Order on the following counsel of record:

Tony Axam, Jr., Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
Fax: (202) 208-7515

Christopher R. Cooper, Esquire
Joshua A. Klein, Esquire
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Fax: (202) 639-7832

________/s/__________________
Michael K. Atkinson
Assistant United States Attorney