IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 06-193 (RBW) |
| TERRY DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Terry Davis, through his attorney, Assistant Federal Public Defender Tony Axam, Jr., hereby submits the following proposed jury instructions:

**I.   DEFENSE THEORY INSTRUCTION**

Mr. Davis's defense is that he never wrote checks to which he was not entitled because each of the checks listed in indictment was written by Mr. Davis to reimburse himself for fraternity expenses that he paid. Although Mr. Davis signed the names of the presidents on nine of the checks he deposited into his personal bank account, he did not do so with an intent to defraud the bank because the checks were written for reimbursement of fraternity expenses.

**II.  BANK FRAUD SUBSTANTIVE OFFENSES**

Counsel for Mr. Davis submits that the only instruction for bank fraud that is necessary in in this case is the instruction identifying and defining the elements of the offense. It is unnecessary to present the indictment and statute, the nature of the offense, or to separately define each element of the offense in a second instance.

The defense maintains that the government's evidence in this case does not demonstrate that Mr. Davis's acts of omission resulted in the fraud Mr. Davis committed. As such, it is unnecessary to provide the jury with two possible means for the government to prove bank fraud.

The defense submits that the follow instruction on bank fraud is adequate:[1]

### Bank Fraud -Elements of the Offense[5]

In order to prove the defendant guilty of bank fraud, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution;

Second, the defendant did so with intent to defraud; and

Third, that at the time of the scheme, the financial institution had its deposits insured by the Federal Deposit Insurance Corporation.

The phrase "scheme to defraud" includes any plan or course of action intending to deceive or cheat another out of money or property by employing material falsehoods, concealing material facts or omitting material facts. It also means the obtaining of money or property from a financial institution by means of material false representations or promises. The government must show that some actual harm or injury was contemplated by the defendant. It is not necessary for the government to prove that anyone lost money or property as a result of the scheme or plan

---

[1] Statements in bold are changes and/or additions by the defense to the government's instructions.

to defraud.

A representation is false if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation or omission must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person **would** have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts, **except that in such a case, you may find the element met only if the omitted information was something upon which a reasonable person would have relied.** However, whether a fact, falsehood or representation is "material" does not depend on whether the institution was actually deceived.

To act with intent to defraud means to act willfully and with the specific intent to deceive,

for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

**Someone's intent ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's intent from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent.**

**You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.**
Instruction 3.02, <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. 2005)

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, **may be considered, and you may give it the weight you deem appropriate.**  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

The last element the government must prove beyond a reasonable doubt is that First Union Bank or Industrial Bank was insured by the Federal Deposit Insurance Corporation at the time of the execution of the alleged scheme defraud. The parties have stipulated to this third element and, thus, you should consider this third element to have been established beyond a reasonable doubt.

                Respectfully submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER


                _____/s/_____
                Tony Axam, Jr.
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W., Suite 550
                Washington, D.C. 20004
                (202) 208-7500


                _____/s/_____
                Christopher R. Cooper
                Joshua A. Klein
                BAKER BOTTS L.L.P.
                1299 Pennsylvania Ave., N.W.
                Washington, D.C. 20004
                (202) 639-7700