UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY DAVIS. | No. 06-cr-193 (RBW) |

**TRIAL MEMORANDUM REGARDING TESTIMONY OF RHONDA DAVIS**

Defendant Terry Davis, through his undersigned attorneys, respectfully submits this memorandum in response to the Court's instruction for counsel to submit written arguments on the admissibility of certain testimony by Mr. Davis' wife, Rhonda Davis.

The Government has objected to any testimony by Mrs. Davis that would indicate that she knew Mr. Davis to have been receiving bills owed by the fraternity, paying bills or debts owed by the fraternity, or writing checks on fraternity bank accounts. The Government argues that such testimony by Mrs. Davis cannot be based on personal knowledge; that the checks and bills themselves are hearsay; and that any such testimony from Mrs. Davis is an attempt to introduce Mr. Davis' hearsay statements without the opportunity for cross-examination. The Defense has countered that such evidence is fully admissible, because Mrs. Davis' testimony consists of non-hearsay observations supported by first-person knowledge.

I.   **The Defense Believes That Mrs. Davis Will Be Able To Testify About Certain Events And Documents Which Tend To Show And Explain Mr. Davis' Steps To Pay Fraternity Expenses**

Mrs. Davis is now represented by counsel appointed by the Court. While the Defense does not know exactly what Mrs. Davis' testimony would be in all respects, the Defense believes

1

that she would testify about several events and documents she personally saw — events and documents which, taken together, create a strong inference that Mr. Davis was paying for certain fraternity expenses himself. In addition, Mrs. Davis may testify about certain events and documents she personally saw which tend to explain how Mr. Davis' practice of writing checks payable to cash was connected to his *non*fraudulent activities in conducting fraternity business.

For example, Mrs. Davis might testify about seeing checks written by Mr. Davis which appeared associated (in time and dollar-amounts) with bills she knew could not have been for personal expenses — for instance, bills from utility companies that did not service the Davis' home address. Similarly, she could have seen Mr. Davis make cash or other payments for products or services that were obviously intended to benefit the fraternity. In either case, the bills and acts Mrs. Davis witnessed would be directly relevant to two of Mr. Davis' potential defenses: (1) That proceeds from checks to cash were used by Mr. Davis to conduct fraternity business (for instance, by using the checks to purchase money orders to pay fraternity expenses, or by using the checks to obtain cash to pay fraternity expenses); and (2) That checks to cash were used to reimburse Mr. Davis for expenses he had previously incurred on behalf of the fraternity. In either case, the legitimate explanation for Mr. Davis' use of fraternity funds tends to rebut not only the prosecution's claims of fraudulent or larcenous acts, but also the prosecution's claim of fraudulent or larcenous intent.

## II.     Testimony About Checks And Bills Mrs. Davis Saw Are Not Hearsay

Mrs. Davis' testimony about any checks or bills she saw is not hearsay. The checks and bills are not being offered to prove the truth of anything asserted therein. Testimony about an electric bill, for instance, would not be offered to prove that the fraternity had consumed a certain amount of power during a particular month, or that the fraternity owed a genuine liability.

Rather, the bill is the electric company's instruction to pay — Mrs. Davis' testimony about the bill is offered to show that the defendant was on *notice* of that instruction to pay, and it is offered to show that the defendant therefore had reason to pay.

Testimony about checks that Mrs. Davis saw her husband write (or checks that she did not see her husband actually write, but saw afterwards and recognized as being in her husband's handwriting) should be analyzed similarly. A check is not a factual assertion. It is an instruction for the bank to pay the payee. *See Williams v. United States*, 458 U.S. 279, 284-85 (1982). Testimony about the checks therefore cannot be considered hearsay.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

Christopher R. Cooper          By: /s/ Tony Axam, Jr.
Joshua A. Klein                    Tony Axam, Jr.
BAKER BOTTS L.L.P.                 Assistant Federal Public Defender
1299 Pennsylvania Ave., N.W.       625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004             Washington, D.C. 20004
(202) 639-7700                     (202) 208-7500

April 27, 2007