# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **Crim. No. 06-193 (RBW)** |
| | ) | |
| v. | ) | |
| | ) | |
| **TERRY DAVIS,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT TERRY DAVIS' MEMORANDUM AND PROFFER IN SUPPORT OF HIS MOTION TO MODIFY HIS CONDITIONS OF RELEASE AND TO ORDER HIS RELEASE ON PERSONAL RECOGNIZANCE

Defendant, Terry Davis, through undersigned counsel, hereby requests that this Court modify his current release conditions and order Mr. Davis's release on personal recognizance pending further proceedings. Assistant United States Attorney Michael Atkinson has indicated that the Government will oppose Mr. Davis's motion. Mr. Davis requests a hearing on this motion.

## DISCUSSION

On June 29, 2006, Mr. Davis was charged by indictment with Bank Fraud, Theft, and Fraud in the First Degree. He was arrested on July 5, 2006 in Atlanta, Georgia where he was released upon his own recognizance to report to Washington, DC. Mr. Davis appeared as directed in this Court on July 12, 2006, at which time he was arraigned and he was ordered to remain on his own recognizance on a $25,000 unsecured appearance bond. He was also ordered to maintain his residence in Memphis, Tennessee while reporting weekly by telephone to pretrial services.

On April 23, 2007, trial began in this matter. On May 3, 2007 a jury returned guilty verdicts on ten counts of the indictment and acquitted on the other two. At that time, the government

requested that Mr. Davis be detained pending sentencing, indicating that it had "no confidence" that Mr. Davis would return to Court because Mr. Davis had testified in his own defense and presumably, the jury had chosen to disbelieve Mr. Davis.  Judge Leon, sitting by substitution for the purpose of accepting the verdict, declined to hear evidence from the Pre-trial Services Agency concerning Mr. Davis's compliance with his conditions of release, and instead indicated that this Court could review his detention order when it reconvened.  Mr. Davis respectfully urges this Court to reconsider Mr. Davis's detention and to re-release him on his own recognizance.

The Bail Reform Act does not punish defendants who testify and are subsequently found guilty.  Rather, 18 U.S.C. § 3143, which governs release pending sentencing, indicates that a defendant who is not convicted of a crime of violence or a serious drug trafficking offense and who demonstrates by clear and convincing evidence that he will not flee or pose a danger to the community shall be released under the *least restrictive conditions necessary* to insure his continued compliance with the Bail Reform Act.  Mr. Davis has met this burden by virtue of his unabridged compliance with the prior orders of this Court. He thus seeks to be released pending sentencing in this matter.

Mr. Davis has been on pretrial release for nearly one year.  In that time, his presence has been required in this Court more than half a dozen times.  Mr. Davis has never failed to appear and has never appeared late.  On the contrary, he has always been punctual and strictly obedient to the orders of this Court.  Mr. Davis has also met with counsel several times over the course of the past year and has likewise never failed to appear for an appointment or failed to appear on time.

Additionally, Mr. Davis has been in complete compliance with the conditions set by this Court and monitored by the Pre-trial Services Agency (PSA) for the past year.  According to the

2

PSA, Mr. Davis has maintained a stable residence in Memphis, Tennessee, and has never failed to abide by his weekly requirement to check-in with PSA.[1]  Also, Mr. Davis has remained gainfully employed during the pendency of this case.  He is currently employed with Crichton College in Memphis, Tennessee.  He works there as an accountant, with no direct contact  or access to funds of the institution.

Mr. Davis also has strong ties to his community.  He has lived the majority of his life in Memphis, Tennessee, and he is currently a member of the Memphis community along with his wife, Rhonda Davis.  As the Court heard during trial, Mr. Davis has a good reputation in his community and is considered to have good character.  As one of six children, Mr. Davis has immediate and extended family who live in the Memphis area and further establish his strong ties to his community. He does not present a risk of flight.  He will appear as directed at his sentencing.  If the Court nevertheless has concerns, Mr. Davis requests to be released into the heightened supervision program (involving electronic monitoring).

WHEREFORE, defendant, Terry Davis, respectfully requests this Court to release him on his own recognizance or to increase his previous conditions of release to include electronic monitoring.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202)  208-7500

---

[1]. Pre-trial Services has also maintained Mr. Davis's passport in its possession as a condition of his release.