HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-06-193-01</u> |
| | : | |
| vs. | : | SSN: |
| | : | |
| DAVIS, Terry | : | Disclosure Date: <u>June 22, 2007</u> |

**FILED**
AUG 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government
(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Prosecuting Attorney**                                                        Date

### For the Defendant
(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
(X)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

*[signed]* Terry Davis  7-3-07                    *[signed]*  7/3/07
Defendant              Date                       Defense Counsel    Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>July 6, 2007</u>, to U.S. Probation Officer <u>Monica Johnson</u>, telephone number <u>(202) 565-1332</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

FEDERAL PUBLIC DEFENDER
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

**A.J. KRAMER**　　　　　　　　　　　　　　　　　　　　　　　Telephone (202) 208-7500
*Federal Public Defender*　　　　　　　　　　　　　　　　　　　　FAX (202) 208-7515

July 6, 2007

Ms. Monica Johnson
United States Probation Officer
U.S. District Court
333 Constitution Avenue, N.W.
Washington, DC 20001

RE:　　U.S. v. Terry Davis 06-193 (RBW)

Dear Ms. Johnson:

　　　Attached please find the Receipt and Acknowledgment of the Presentence Investigation Report signed by Mr. Davis and me, indicating that there are material inaccuracies in the presentence report.

　　　Paragraph 16 should delete Count 2, concerning check number 2091, because it involves conduct for which Mr. Davis was acquitted.

　　　Paragraph 19 should be corrected to indicate a direct financial loss totaling $221,000. Although the indictment alleges a loss amount of $241,000, the government's evidence ignores that Mr. Davis deposited a total of $20,000 into the First Union Account of Phi Beta Sigma which ends in 5212. Attached Exhibits A through D indicate:

　　　　　On January 9, 2001, Mr. Davis deposited $4000 into the 5212 account, presumably from proceeds of check 2315.
　　　　　On February 13, 2001, Mr. Davis deposited $6000 into the 5212 account, presumably from proceeds of check 2317.
　　　　　On March 14, 2001, Mr. Davis deposited $5000 into the 5212 account, presumably from proceeds of check 2375.
　　　　　On March 26, 2001, Mr. Davis deposited $5000 into the 5212 account, presumably from proceeds of check 2377.

Exhibit E is a chart prepared by the government identifying misappropriated checks.
　　　As FBI Agent Stanley testified during trial, the government never off-set against the total loss amount listed in Exhibit E the amounts identified in Exhibits A through D representing money Mr. Davis transferred back to the fraternity. In determining the total financial loss and restitution amount for sentencing, these sums should now be off-set, resulting in a total loss of $221,000.

Paragraph 35 and subsequent paragraphs that reference it, should indicate that Count 11 is a felony with a maximum penalty of 10 years imprisonment.

Paragraph 59 should indicate that Mr. Davis was unemployed between March 2002 and March 2003. He collected unemployment benefits during part of his unemployment and worked part-time during part of his unemployment preparing tax returns.

Paragraph 62 should indicate that Mr. Davis worked for the Shelby County **Airport** Authority.

Lastly, Mr. Davis submits that the 2002 Guidelines Manual should be used in this case instead of the 2006 Guidelines Manual because all conduct is alleged to have occurred between January 2001 and June 2003. Under U.S.S.G. § 1B1.11(a), (b)(1), district courts should use the sentencing guidelines in effect at the time of sentencing unless doing so would violate the Ex Post Facto Clause. See U.S.S.G. § 1B1.11(a), (b)(1), comment (noting that "courts to date generally have held that the *ex post facto* clause does apply to sentencing guideline amendments that subject the defendant to increased punishment").

Here, the 2006 Guidelines subject Mr. Davis to an increased punishment by providing an adjusted offense level of 21 and a sentencing guideline range of 37 to 41 months. In contrast, the 2002 Guidelines provide an adjusted offense level of 20, resulting in a sentencing guideline range of 33-41 months.

Thank you for the opportunity to comment in this matter. Please feel free to call me if there are any details that we can discuss.

Very truly yours,

Tony Axam, Jr.
Assistant Federal Public Defender

cc: Michael Atkinson, Esquire
 Assistant United States Attorney
 555 4th Street, N.W.
 Washington, D.C. 20001